Good morning. My name is Jacob Segura. I'm appearing today on behalf of plaintiffs and appellants Jackie Keller and Philip Yaney. Appellants and plaintiffs in this action. I may please the court. This is a case of first impression in California. Despite repeated searches, I have found no case in California which construes the language of the legal action against us clause in the Chubb Masterpiece policy that is at issue in this lawsuit. For all the reasons we've stated in our opening brief, in our reply brief, in our motion for partial summary judgment, in our oppositions to federal's motion for summary judgment, we assert and request that the court exercise its power of de novo review to construe and apply the policy in question, the legal action against us clause, in the context of the policy as a whole, to find that it did not operate to obligate my client to file a claim with federal insurance within, quote, one year after the loss occurs. And it did not render my client's lawsuit filed on December 10, 2015, untimely. I think I can go with you on part of that, but I'm having difficulty understanding your position on some of it. Let me show you what my problems are. Looked like toilet overflowed while the contractors were fixing, making the house nicer. But instead of letting the homeowners know that all that beautiful hardwood flooring was ruined, the contractor said, no, no, no, it'll straighten out. The warp will go away when it dries out. So I can see a basis for not reporting a loss then. They've been told by an expert that there's no loss. Six months later, the flooring is obviously ruined. But let's say they still have ‑‑ I think that's around June or July 2013. They know the floor is just not getting any better. And I don't see why they didn't have to report a loss and fill out a proof of loss by June or July 2014. And they didn't. And they didn't sue until September 2014, which is more than a year after they know the loss. And that's where I'm having trouble. On interpreting the clause, it seems to me pretty clear that under the California interpretation of the clause and tolling, they can file a proof of loss a month before the year runs out. And they're okay because the insurance company has to act on the proof of loss one way or another. And their year is told while the insurance company is deciding what to do. And then if the insurance company says no, they've still got a month to file. Tell me what's wrong with my reading of the facts or the law there. Yes, Your Honor. The assumption that the law in California that arises from Insurance Code Section 2071 and the standard fire insurance policy language, which is not present in my client's policy and is not binding upon them under the terms of this policy to file a claim or commence a lawsuit within, quote, 12 months after the inception of the loss. Every case that appellees have asserted and every case decided in California derives from a variant or exact quote of the standard fire insurance policy language. But Chubb, which is the parent company of federal insurance, did not draft this policy using the language from Insurance Code Section 2071. If it had, honestly, we wouldn't be here. It didn't, and therefore, the meaning of this policy language, the Illegal Action Against Us Clause, is what we say it is. But what's the meaningful distinction in the provision used here and in the provisions that are consistent with California Insurance Code Section 2071? There is a comma and 22 additional words which follow the phrase, after the loss occurs, which states, quote, but not until proof of loss has been submitted and the amount of the loss has been determined. And it also says, but not until 30 days after both of those conditions and requirements have been satisfied. So we're not the first person, the first parties, who have asserted that that's what the language means, that this is a no-action clause which imposes suit preconditions on the commencement of legal action against the insurer. So is your position that the one year doesn't start until after your client gives notice of the loss? Our position is that under this language, as written by Federal, the period to sue does not commence until after the legal action against us clause conditions preceding to suit have been satisfied or waived by the insurance company. So what if he waited five years before giving notice of loss to the company? Then you can still do it because the 12 months to sue doesn't commence until you actually decide to get around to giving notice? I'm glad you asked that question, Your Honor. I'm not so sure you'll be glad, but go ahead. All right. This policy has two provisions. One is a claim notification provision, which requires that the insured must give notice of the claim, quote, without unnecessary delay. That's all it says. Separately, there's the legal action against us clause, which obligates them to bring a lawsuit, right, after the insurer has fully investigated the claim. No, but that's the problem. It says you agree to bring any action against us within one year after a loss occurs. It doesn't say after you've given notice. But not until the conditions preceding to suit have been complied with. Now, if they had not included those words, again, we would be in the same scenario as. Oh, sorry, go ahead and finish your sentence. If they had not included those words in the policy, we would be in the same scenario as the 2071, you must bring a lawsuit within 12 months after the inception of a loss, period. But we have a situation here where in preparing for oral argument, I have taken a good look, another good look, at the addendum of authorities, which is attached to our opening brief. And on page 23 of that addendum of authorities, there is a subdivision of the California Insurance Regulations, which makes federal's interpretation of the Legal Action Against Us Clause unlawful and unenforceable. Specifically, their position is that you have to bring notice of the claim to the insurance company within a specified period of time. Because they're arguing that the Legal Action Against Us Clause, not the claim notification clause, is what binds us here. But if you read subparagraph D of California Insurance Regulation section 2695.4, which again appears at page 23 of our addendum of authorities, it says, quote, except where a time limit is specified in the policy, no insurer shall require a first party claimant under a policy to give notification of a claim or proof of claim within a specified period of time. Under your interpretation of the but not until language, how long is the insured entitled to wait before giving notice of the claim? Is there a time limit put on it at all? The time limit is determined by the insurance company's determination that it has suffered substantial prejudice by reason of delayed claim notice. Because California law says that late notice of a claim is an issue where the insurance company bears the burden of proof that it has suffered actual and substantial prejudice by reason of the delayed notice of claim. So you can wait five years to let the insurance company know that you've suffered a loss, and unless the insurance company shows they were prejudiced by that delay, it's perfectly fine. Under this policy, the way this policy is written. I'm not sure I can read it that way. Let me tell you why. The contra preferentum argument you make is correct. You construe contra preferentum. And the ambiguity argument you made is texturally supportable. You can read the clause with a textual approach and say it means the later of two things, proof of loss and the year, which is basically how you're reading it. Legal action against us must be within a year of the loss or the filing of the proof of loss. However, the California contra preferentum doctrine applies to ambiguity, according to this California Supreme Court case, Continental Insurance, if the clause is not only capable of two or more constructions, as I at least personally, I don't know about my colleagues, concede that you're correct, but also it says both of which are reasonable. And I can't see that it's reasonable. It seems to me the only way anything's reasonable here is if you use the prudential approach because otherwise you wouldn't have to sue the insurance company until you felt like it. There'd be no limit at all. You could just delay filing a proof of loss. And that's not reasonable. The whole point of this is that they get notice of the loss early enough so they can investigate while things are going on and also so that they can control whatever reserves need to be set aside and dispose of matters promptly enough so that they don't have a huge contingent, unknown litigation risk. If I may, Your Honor, we didn't draft this policy. If federal wanted there to be a bright line one-year period within which both a claim, notification of claim had to be presented to the insurance company and a lawsuit had to be commenced. You're absolutely right. It could have been drafted better as virtually anything could be. It's hard to draft. Correct, Your Honor. The thing about it is it looks to me like California took care of the ambiguity and difficulty of interpreting it by creating the tolling doctrine. But I must respectfully disagree because prudential LMI and the tolling doctrine arises because the language in that case and the language in every other California case has an absolute one-year period of time in which to commence the action. But your reading reads out the phrase that you agree to bring any action against us within one year after loss occurs. It reads it out completely, right? Not at all, Your Honor. I just read the first part, which you just mentioned, and the but not until together. It's federal that is reading the but not until 30 days after language out of the policy and acting as if the policy is like a prudential LMI insurance code section 2071 provision when it is not. They wrote a provision which has suit preconditions. They prevailed in the Swaby case by arguing that the plaintiff in that case filed a premature lawsuit before she filed a proof of claim or a sworn proof of loss. And they said that it's a no-action clause barring you from suing us until all the suit preconditions are satisfied. Judicial estoppel, as I said in my brief, bars them from taking that position in this case. Collateral estoppel bars them from re-litigating the meaning of that statute, which they convinced the district court in Florida and the 11th Circuit that it's a no-action clause with suit preconditions. And under those circumstances, they can't make the argument they're making here. They're stuck with the policy they wrote. Is that a case directly on point that supports your position of this interpretation? It is on the following specific aspect. I'd like to reserve 20 seconds after this, but it is in the following regard. They argued as a matter of ñ I was asking for a case. Is there a specific case you can cite? Yes, the Swaby case asserts by federal that it is a, quote, no-action clause with suit preconditions that bar premature filing of lawsuits. If that's what it meant in Swaby, that's what it has to mean here. So if the lawsuit can't be filed before those preconditions are satisfied, then the statute can't begin to run on suing. So either it's a no-action clause or a legal action against us clause. It can't be both. They're inconsistent positions. They're bound by judicial estoppel, collateral estoppel. The issue in Swaby was that they never did file their proof of loss claim, and that was a condition precedent, so they couldn't sue. If you read the actual appellate briefs and the district court motion that federal filed. I think they have to take the law from the opinion rather than the briefs. There are both issues. One is not filing the proof of claim right before filing suit, and the other is filing suit without filing the proof of claim and waiting 30 days before filing suit. I thought it didn't involve, though, specifically the statute of limitations clause. Go back and check on that. It did. If you read the decision of the 11th Circuit, there are two things. One is the condition precedent, you know, full compliance with the policy provisions, and separately not waiting 30 days until after doing that to file suit. So both the suit precondition element and the. . . Those are two different things. The proof of loss, the purpose of that from the insurance company's point of view is you don't sue us until we get a chance to act on the claim. And the one year or in Swaby, I think it was five years, legal action against us clause does a different thing. It makes sure that the claims get resolved within a period of time so that they don't just build up and hang over us. But the very same language as to, but not until 30 days after the suit preconditions are complied with are in both cases, and federal argued those cases to the 11th Circuit, and the 11th Circuit agreed in its decision that it was both aspects. It was noncompliance with the but not until 30 days after provision. And in that respect, Judge Wu respectfully got it wrong. Both aspects of the legal action against us clause were the basis of the 11th Circuit's decision. All right, thank you. Our questioning took you over your time, but I'll put a minute back on the clock. I know you wanted to save some time. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. Plaintiff's insurance policy required them to bring any lawsuit against federal within one year after a loss occurs. It is undisputed that plaintiffs filed this lawsuit three years after their loss occurred, and, in fact, that they did nothing at all to pursue insurance coverage for nearly two years after the loss. I thought they filed it a couple of months after the year elapsed from when they actually knew they had a loss, because the contractor strung them along. So I think I don't need to agree that under the latest possible date this loss could have occurred is in June or July of 2013, as Your Honors' questioning suggested. The contractor told them, and the contractor knows more about these things than they do, no, no, your floor will be fine. It just has to have time to dry out. So I don't want to, under California law, and we have always taken the position that this loss occurred by the latest December of 2012. Contractor plugged up the toilet or whatever. They were aware of the sewage backup in November 2012. They were aware that it had damaged their home. And under California law, the question is, when are they or should they be aware of appreciable damage to their property? So they have not disputed at the time. Have I got this right, the sewer backup, it's not the neighborhood sewer or the public sewer that backed up, really. It's that something went wrong with the downstairs toilet? I think the factual specifics on that were disputed. It's just not relevant in the end, Your Honor. We need to know whether there's any third-party issue or indemnity or anything like that. Right. The question is whether they're aware of appreciable damage. But regardless of when exactly the loss occurred, it's undisputed that it occurred at the absolute latest in July 2013. And as Your Honor suggested, they still notified federal more than a year after that. And September of 2014 was when they gave notice. That's correct, Your Honor. And it was, what, December of 2015 before they filed a suit? Yes. Of course, there's some tolling there after they gave notice in September of 2014. But your position, as I gather, is, well, between July of 2013 and September of 2014 is more than a year. That's correct, Your Honor. This lawsuit was filed after the time period had expired. And if you go back and ask, is there anything they did within that first year in order to be deserving of tolling, the answer is no. Because, as the question suggests, they took no action at all. Now, to address their argument, their argument that the one-year period actually runs from the date the amount of loss is determined, I think, as some of the questions suggested, violates both the text and the purpose of this provision. So as I said at the outset, the language is clear that the one-year period runs from when the loss occurs. The language that they rely on describes not the trigger for that one-year period but another precondition to filing suit. It says you have to bring suit within one year after the loss, but not until 30 days after the proof of loss is submitted and the amount of loss is determined. And what that final language, that provision, is there to do, Your Honors, is to ensure that the insurer has a reasonable amount of time, 30 days, to evaluate the claim and decide whether to pay it. The policy is still clear that the time, the one-year period, in which for that and the other preconditions to suit to occur, runs from the date the loss occurs. And as the questioning also suggests, their position not only ignores the policy language, it would negate the purpose of this. I'm not sure about ignoring the policy language. The but not until clause suggests that, yeah, reading this literally, I have to sue within a year, but I can't sue until a proof of loss is filed. And if I'm unable to file a proof of loss because of the difficulty of ascertaining the loss, I might be filing it two years after the original event that caused the loss, but I'm still timely, and I couldn't – after I filed a proof of loss. So it is true, Your Honor. Textually, I think that's just how one of the textually legitimate interpretations of the clause would go, isn't it? So the problem with that reading, Your Honor, is it gives absolutely no meaning to the words, you agree to bring a suit against us within one year after a loss occurs. They are reading it as if it says you must file suit within one year after the loss is determined. No, it would still have meaning. The meaning would be if the proof of loss was filed, say, in month two after the loss, which is not uncommon, it often happens, and month three or four the insurance company has said no, then you file suit within a year. Most cases would probably be covered by the one year. Absolutely, Your Honor. That is how this language is supposed to function. They are supposed to report the claim without unnecessary delay, and in any event, within one year. And once that happens, they get the benefit of tolling for any time it takes for the insurer to investigate, to reach a decision. And whenever they submit a claim within that one-year limitations period and start the claims handling process, there will be no problem for the insured. Yes, the one year is going to operate on most cases because the loss will be plain, the proof of loss will be filed, and the insurance company will deny reasonably promptly if it's going to deny. So the only limitation that will operate is the one year. That's correct, Your Honor, and I'm not sure if we're disagreeing. What I'm trying to figure out is what you mean when you say the clause would have no meaning if you interpreted it purely according to what the text says. In other cases it would have meaning, but on these facts, when they filed suit three years after the loss occurred, the question is what event triggers the one year period. So in this case, at least, Your Honor, I agree in other cases every provision could have effect, but when they do not contact the insurer until after the limitations period has expired to suggest that the one year period actually runs from when the loss is determined, would read the words within one year after a loss occurs out of the policy. And in any event, Your Honor, as the district court explained, their reading, even if you don't believe that it's unreasonable as a textual matter, is entirely unreasonable as a reading of the policy in terms of its purpose. What happens in a case, say a professor takes a sabbatical in Europe and rents his house out to a new assistant professor, and there's a loss while he's in Europe, he doesn't even know about it, the renter doesn't tell him about it, and he gets back after the year's run. Has his year already elapsed, or does his year start when he, the insured, knows about the loss? So it would run when he, the insured, is or should be aware of the loss. If there's a legitimate justification for not knowing when the loss occurred, then that will be to the benefit of the insured. Again, in this case, they knew that this event happened in late 2012. They did nothing to pursue insurance coverage for nearly two years after that. So I think, at least on these facts, there is no ambiguity, and the reading under which the policy runs from the date of the loss is the only reasonable reading. You know, your opposing counsel relies on this swabby decision from the 11th Circuit in 2010. Do you agree that it's persuasive here or not? No. Judicial estoppel is what he's getting at here, because of the alleged inconsistent positions by federal. Correct, Your Honor, and it is absolutely not inconsistent, because Swabe has absolutely nothing to do with the one-year suit limitations period. The insured there actually filed suit within one year after the loss occurred. The problem there was that she had not filed a proof of loss before doing so, and so the court agreed with federal that she had run afoul of the first sentence of this legal action paragraph, which is the no-action clause. There's no inconsistency in any way. In fact, the two provisions are distinct and complementary. The no-action clause says they have to complete all preconditions before filing suit, and the limitations period imposes a time limit in which they have to do so. And in that respect, this is like virtually every property insurance policy. And I want to one of the themes underlying their argument, I think, is that as a policy, a public policy matter, there's something improper about this contractual limitations period running before they've complied with all the preconditions to suit. But that is how this and virtually every property insurance policy operates, including the 2071 provision that the California Supreme Court addressed. And we don't contend that the text of our provision is exactly identical to that, but in this respect, it is the same. As that court explained, that policy similarly requires the insured to, quote, satisfy all conditions precedent and institute suit within the same 12-month period. And that's just to say the one-year period can start running on the date of the loss before they have the contractual right to sue. That is clear under California law. Do you agree that this is a case of first impression in the Ninth Circuit? I would agree that there is not a Ninth Circuit opinion interpreting this exact language. That's correct, Your Honor. There are a variety of different ways that provisions like this are phrased. In the Magnolia Square decision from the California Court of Appeal, that provision did say one year from the date the loss occurs. There's a variety of them. And the question, of course, is to look at the language of the contract. And on these facts, at least, we would submit there's no ambiguity. It hasn't been mentioned, but just very briefly, I will address any other questions, but I wanted to just briefly address their waiver or estoppel argument. It's a clear rule of California law that statements made after the limitations period has expired cannot, as a matter of law, give rise to a waiver or estoppel. And I just want to point out that they do not even dispute that principle in their reply brief. This relates to the statements of Mr. Gessel. That's correct. In their reply brief, their only response to this clear, bright-line rule of California law is just to say that it does not apply because the limitations period has not expired. So the whole case rises and falls on the contractual interpretation question. And if there are no further questions, we would request that you affirm the judgment below. Any further questions? Doesn't look like we have any additional questions. Thank you very much for your argument. Thank you. Put a minute on the clock, please. Thank you, Your Honor. Point one, either the language is a no-action clause with suit preconditions or it's a one-year suit limitation. Can't be both. Why can't it be both? Why can't it be? Because the language, but not until 30 days after, imposes conditions on the commencement of legal action by the insured. If it's a no-action clause with suit preconditions, then any suit brought before those suit preconditions are complied with, breaches the policy, and like Federal argued in Swaby, filing a premature action before filing a proof of claim or a proof of loss breached the 30-day no-action provision of the policy. And specifically in there at page, at the excerpts of record at 586, there is Swaby's, Federal's argument in Swaby, which articulates both aspects as being at issue. One, the condition of the policy requiring a proof of loss, and separately the no-action provision saying you can't sue us until you wait 30 days after filing a proof of loss. So since both of those provisions were at issue and advocated by Federal in that case, then judicial estoppel and collateral estoppel on the legal issue of the meaning of this policy language applies. Thank you very much, Counsel. We've got your argument. Thank you both sides. The matter is submitted for decision by the
judges: Gilman, Kleinfeld, Nguyen